Good morning. May it please the Court, I would like to reserve five minutes in rebuttal for rebuttal. Oh, you want five for argument and five for rebuttal? Yes. Even idea. Okay, go for it. I see two questions in this case, one being whether procedurally the case should be reversed and remanded in light of the Albino decision by the en banc court. And I believe that because exhaustion is exhaustion in the PLRA context, which is what this case is governed by, is an affirmative defense. And because this Court has interpreted Supreme Court precedent and determined that, as a result, the exhaustion question, when raised by a defendant, should be raised in the context of a summary judgment motion that, in this case— Right. I understand that there is a— Well, even in Albino, doesn't it say that exhaustion can be resolved through a motion to dismiss where the inmate's failure to exhaust is clear from the face of the complaint? Yes. Well, it seems to me your client admits that the CDCR had a grievance procedure, that he presented the facts contained in his complaint through the grievance. It seems he admitted he followed the procedure and went through the first and second levels, then failed at the third level because it was untimely. So isn't it clear he didn't exhaust? I don't think so because also in the complaint, in the operative complaint, he states—there's actually evidence that he states that he was satisfied at the second level. And so I have cited the— So we're talking about whether satisfied when he says satisfied is enough? Is that what you're saying? Well, he received a desired result at the end of the second level. So he was, at that point, satisfied, and the case law indicates that an inmate can be satisfied, and if he is satisfied, then there are no additional available remedies. Well, what triggered his untimely appeal to the third level? Well, I don't think it was untimely. What triggered was he believed he was satisfied, but he wasn't— the prison did not follow through with their offered resolution of his grievance. So there are cases where this occurs, where the grievant is told, okay, your grievance is granted, you will be given this process. And then that process never occurs. What wasn't he given in this case? He was not given housing that he requested. He was not given an opportunity to address certain issues with certain personnel. Well, that's a reason why I worry that he ever could be satisfied, because it seemed to me that he wanted to be interviewed by the chief medical officer, never got it. Wanted to be immediately transferred to a medical facility, never got it. Wanted to be provided daily physical therapy, and in the first level they said it's being considered, pending, and wanted to be given assistance with daily living. That was never given. Wanted to see an orthopedic specialist. That was being considered. That was after the first level. Then they went to the second level. Nothing happened. Significant time passed. Other responses were never given. And here we are. I'm having a tough time understanding whether there's any satisfaction all the way through. I mean, he can say he's satisfied with nothing. Well, he was satisfied with the result at the second level. He was satisfied with what they told him they would give him. He was satisfied with someday getting daily physical therapy and someday maybe getting an orthopedic specialist, and then he can wait for however long he wants and file to the third level, and it isn't untimely. I don't think that is the way it can be analyzed. Well, I know it's the way it may not be analyzed. I'm trying to see why. I mean, I don't think any of the things he wanted to get he ever got. Well, he wasn't told that he was going to be moved to a bottom bunk and he was going to get some kind of vest and a cane so he could get around? Yes, I believe so. And those things didn't come through? Ultimately, they did, but it was later, so. It was way after the third grievance was filed late, in fact. So the way I see it, and I'm running into rebuttal time, but because. . . Well, I'll be fair. I think it's more important to answer these questions right now than to wait for him to come up and talk because this is going to make a difference, really. I'm having a tough time to see how I can, even on a summary judgment, suggest that one saying satisfied is enough, based on he didn't get three things and not even get any close to those. He knows what he really wanted. And the others he never got. They just said, well, we'll think about it. I think the question is, what kind of time period would indicate that someone should be unsatisfied after being satisfied? And that's a question, I think, that really can only be answered in a summary judgment context. Counsel, are you mostly relying on the Harvey case for your position that, in fact, he should have been excused from the exhaustion requirement? Yes. And so what happened was that he was told that something was going to be given to him. It wasn't. Time passed, and by the time that he realized it, it was too late. Right? Yes. That's your position. Well, as far as too late, it would be after the relatively short period of time to file a third level, if that's what the Court is referring to. Yes. That is a relatively short period of time. Are we really only talking about the CSP, SAC defendants? Well, with respect to the SB, SP defendants, they hadn't even done any conduct until after April 29th. Grievance had been submitted. Had they? Correct. In fact, they didn't do anything until May 25th, 2010. Correct. And I believe there's a different analysis with respect to Dr. Pompan because he was ---- Well, I understand with Dr. Pompan. I'm just talking about all the others because I didn't see any, really, grievance of their stuff because their conduct wasn't even available at the time of the grievance if it has been satisfied. If summary judgment procedure is not necessary with respect to them, then I would agree with the Court. Thank you. Thank you. May it please the Court, Deputy Attorney General Nguyen for the defendants' appellees. Griffin's failure to exhaust is apparent from the face of the complaint, and we know that because Mr. Griffin included all the documents necessary for the district court and this court to decide the exhaustion issue as a matter of law. Thus, a remand to the district court for the court to consider the issue under the rubric of summary judgment, as Albino now requires, is simply unnecessary. Alternatively, this court can convert the Rule 12b order into a summary judgment order given that the district court had considered materials beyond the complaint. And that was the approach that the panel took in the Williams v. Perano, which was published earlier this year. The test is whether some remedy remained available to Griffin so that he had to appeal to the directors-level. Well, the district court, as I read the decision, essentially said because he didn't get everything that he asked for, that he should have gone to the next level. And since he didn't, he's out of luck. Is that how you read it? It's a pretty general statement, but here's what happened at the first level. So he filed a grievance complaining that this particular prison cannot house his disabilities because he has various issues regarding his knee and elbow, and he asked for a laundry list of things. In response to that grievance, the first level told Mr. Griffin, okay, we're going to do what's called a disability placement verification form. And what that does is you have a physician examine or a nurse practitioner examine the inmate to confirm his disabilities and what he can and cannot do and whether the prison can accommodate him. So his requests were conditional pending the outcome of the examination. And he was dissatisfied, and he mentioned that in his grievance when he appealed to the second level. At the second level, the chief medical officer reviewed his medical records and also attached the disability placement verification form and the accommodation chrono with the response and gave it to Mr. Griffin. And what's important in that disability form, it mentioned that his disabilities did not impact placement. So he wasn't going anywhere anytime soon, and certainly he wasn't going to a medical facility. But it seemed as if that form would allow him daily physical therapy and the opportunity to see the orthopedic specialist.  I know it doesn't mention it because when we get to the second level, that's what we're really about. And all they talk about are the other ones that he didn't get. And now he says he's satisfied. So now you're asking me to say that satisfied isn't any good. Well, the inmate's mere contention of satisfaction is insufficient under the case law. And I think there are good reasons for that because an inmate, for instance, can simply file a grievance, provide a long list of items in the hope that staff would at least grant one of them, and then abandon the appeal process and later claim that I was satisfied. An inmate could also undermine the exhaustion process by making a vague complaint. Well, I thought the claim here was that he didn't get what he said he was going to get. Exactly, and he didn't. I mean, they did not give him an immediate transfer to a medical facility. They didn't give him a personal assistant to help with daily activities such as cleaning, bathing, eating, lifting items. They didn't give him his meeting with the chief medical officer. They didn't give him his referral to an orthopedic specialist. And they rejected his claim of deliberate indifference by the medical staff. So because he didn't get those things rejected, he had to appeal to the director's level. Are you saying that he wasn't given anything? He was. He was given a wooden cane. He was given a mobility vest. He was given a bottom bunk. He was given those things before he appealed? It was during the grievance process. So when he was examined by Nurse Bakewell, that's when they checked these certain items that he's going to get a vest, a wooden cane, and a bottom bunk. Well, his position is that he was late in going to the third level because those things didn't come through. Well, no, he's alleging more than that. He's alleging that he didn't get his transfer. Well, I understand. But his reason for the appeal, as I understand, late appeal, is that he would have been satisfied if he had gotten those things and he didn't. So then he decided he would appeal and try to get it all. That makes some sense to me. Well, Your Honor, I disagree because the test is whether some remedy remained available to the inmate. In his complaint, he's also asking for the same things that he asked for in his grievance. So he had to go to the director's level. He couldn't have been satisfied. Well, I guess the big problem is it seemed to me after the first level and the second level that at least three and five were being considered. Three and five. B, provided daily physical therapy and C, the orthopedic specialist. Correct. And that was contingent on the outcome of the. I mean, it seemed to me that those were sitting there, they were being considered, and he then said, well, if you get, I mean, I don't know what satisfied means, but if I read it, it seems as if three and five are being considered, that's enough. And then you're coming back and saying, well, you needed to appeal anyway. That seems a little weird that you've got to appeal something when you're willing to deal with what you've got. Well, he certainly knew by the second level when they returned the form to him, the disability placement verification form, which didn't mention anything about the referral to the orthopedic specialist or the daily physical therapy. So certainly he didn't get those things by the second level. Did he have an expectation that he might get them, though? According to the grievance documents, no. The response to his grievance made no mention of that. And the second level. Was there a denial or a rejection of his grievance or his request? It was granted. Was it rejected? Was any of it rejected? Well, they rejected his claim of deliberate indifference. They were silent on various things which were implicitly rejected. So doesn't that silence create an expectation on his part that he's going to be satisfied as to what he's requested? No, because I think they were explicit in what they were giving him. And they were explicit in terms of giving him a wooden cane, a vest, bottom bunk, and accommodating to the best they can at the facility. He got those things. He got those things. And so certainly he wasn't fully satisfied. And certainly remedies were still available to Mr. Griffin. Well, is it your position that if an inmate asks for a number of items that he wants in a grievance and he gets some of them, that he has to go the whole way level if he doesn't get all of them in order to exhaust? That's correct. We changed the hypothetical around a little bit. Let's say, for instance, he only wants a wooden cane and a vest. And he files his grievance and the prison gives it to him, then there's really no reason to file a lawsuit because they gave him everything he asked for. So he has to get everything he asked for in order to be satisfied. Well, the test really focuses on some remedy that remains available to the inmate. I mean, they may be giving him other things that might satisfy him. But Harvey really says, and I read, an inmate has no obligation to appeal from a grant of relief or a partial grant that satisfies him in order to exhaust. And so I'm saying to myself, how can I suggest this is not a partial grant when you have an expectation of some of the things you wanted to be given to you? I think Harvey has to be limited to its facts because in that case, on the due process claim, the inmate said that, hey, you're supposed to hold this hearing. You haven't given me my hearing. Also, I know there's a videotape. Now, give me my hearing and give me my videotape, or you can just dismiss the charges. And that's all he asked for in Harvey. And in response to that, the prison said, okay, we're going to give you your hearing and we're going to give you the videotape, and they never followed through. So there's nothing else for Harvey to do because he was completely satisfied. Even if the prison characterized it as a partial grant, there was no reason for him to go further. I know I'm running short on time, but I do want to address the statute of limitations argument quickly. Mr. Griffin alleged that in July of 2003, Dr. Pompkin looked at the X-rays and see no fractures and diagnosed it as tendinitis. We know that a year later an MRI was done, which confirmed some fractures. And by December 2004, he met with a physical therapist who told him that the X-rays showed fractures in his elbow. Certainly by then, he had enough facts to bring his claim to court within the statute of limitations. So the due date for him to bring suit would be, I know I'm short on time, but basically he's short by if you give him all the equitable tolling for the grievance, which would be for the 2006 grievance, and even for the 2009 grievance, you add the equitable tolling up, it gives him nine months and 22 days. But he needed a year and nine months of equitable tolling to save his complaint from statute of limitations. We understand your argument, Counselor, and thank you. Counselor, I think you have a minute and some to sum her up here. Thank you. I don't think I need it. Thank you. All right. Thank you very much. Case 11-17848, Griffin v. Bowe, will be submitted.
judges: Benitez, Schroeder, Smith